**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

REGINALD J. HILL and )
KIMBERLY D. HILL, )
                                                    )
                        Plaintiffs,          )
                                                    )
        vs.                                       )
                                                    )
OCWEN LOAN SERVICING, LLC,  )
DB STRUCTURED PRODUCTS, INC.,  )
and HSBC BANK USA, N.A.,         )
                                                    )
                        Defendants.        )

## COMPLAINT

## INTRODUCTION

1.  Plaintiffs bring this action to secure redress from unlawful mortgage servicing practices engaged in by defendant Ocwen on behalf of the other defendants. Plaintiffs allege violation of the Cranston-Gonzales amendments to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. ("RESPA"), the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Regulation Z, 12 C.F.R. part 226/1026, breach of contract, and the Consumer Fraud Act.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1367, 12 U.S.C. §2605, and 15 U.S.C. §1640.

3.  Venue in this District is proper because defendants do or transact business in this District.

## PARTIES

4.  Plaintiffs are husband and wife and reside in a home which they own in Chicago, Illinois.

5.  Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company chartered under Delaware law with principal offices at 1661 Worthington Road, Suite

1

100, West Palm Beach, FL 33409. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. It is engaged in the mortgage servicing business and services millions of dollars in residential mortgage loans.

6. Defendant DB Structured Products, Inc., is a Delaware corporation with its principal place of business at 60 Wall Street, New York, NY 10005. It is an affiliate of Deutsche Bank. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Defendant HSBC Bank USA, N.A., is a federally chartered corporation with its principal office at 1800 Tysons Blvd., Mc Lean, Virginia 22102.

### FACTS

8. In 2006, plaintiffs obtained an adjustable rate residential mortgage loan from Bayrock Mortgage Corporation. The mortgagee was Mortgage Electronic Registration System, Inc. ("MERS").

9. At all relevant times, plaintiffs have been directed to make their payments to Ocwen, which is the servicer or subservicer of the loan.

10. According to MERS, the current legal owner or master servicer of the loan is DB Structured Products, Inc., and the investor or beneficial owner is HSBC Bank USA, N.A. On information and belief, one or both of these parties is an assignee of the loan, and one or both of these entities is entitled to receive the payments on the loan.

11. On information and belief, Ocwen has not informed plaintiffs who its principal is, and was acting at all relevant times as agent of an undisclosed principal. As a loan servicer or subservicer, Ocwen has a duty to implement the terms of the mortgage on behalf of the owner of the mortgage.

12. The mortgage contemplates loan servicers. At paragraph 20 the

mortgage provides, "A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." In plaintiffs' case, Ocwen is the entity which has been issuing statements telling plaintiff what to pay on this mortgage, and plaintiffs' mortgage payments were made directly to Ocwen.

13. At all relevant times, plaintiffs have paid their own property taxes and insurance premiums. Plaintiffs have not had an escrow account.

14. Plaintiffs' taxes and insurance are paid up to date and have been kept current at all relevant times.

15. On or about May 24, 2011, Ocwen sent plaintiffs the letter attached as Exhibit A, claiming that plaintiffs' property taxes were delinquent. This was not true.

16. In fact, plaintiffs had paid the installment in question on or about March 19, 2011, as shown by Exhibit B.

17. On or about June 15, 2011, Ocwen sent plaintiffs the letter attached as Exhibit C, claiming that it had advanced $887.39 toward the supposedly delinquent tax payment and created an escrow account to collect the past and future taxes.

18. Such action was contrary to the parties' agreement.

19. On June 21, 2011, plaintiffs wrote to Ocwen enclosing proof that (a) plaintiffs had paid their taxes and (b) Ocwen had not paid plaintiffs' taxes. Plaintiffs asked that Ocwen confirm that plaintiffs had paid the taxes and provide any evidence that Ocwen had paid the taxes on plaintiffs' property. A copy of this correspondence is attached as Exhibit D.

20. Subsequent to sending the June 21st letter, plaintiffs received from Ocwen the letter dated June 17, 2011 and attached as Exhibit E, notifying plaintiffs of a rate adjustment.

21. Exhibit E provides a new payment amount.

22. The new payment amount is incorrect, in that it includes an escrow

payment.

23. Plaintiffs also received an annual escrow account disclosure statement and analysis dated June 17, 2011, a copy of which is attached as <u>Exhibit F</u>.

24. <u>Exhibit F</u> contains a parcel number which is not that of plaintiffs' property.

25. In late June 2011, plaintiffs received a monthly statement (<u>Exhibit G</u>) claiming that Ocwen had made two tax disbursements on June 3, 2011 in the amount of $882.58 and $5.00.

26. Attached as <u>Exhibit H</u> is the tax information for the parcel whose Property Identification Number is listed in <u>Exhibit F</u>. (Plaintiffs have no interest in this parcel.) The tax information does *not* reflect the supposed tax disbursement claimed by Ocwen.

27. On or about July 8, 2011, Ocwen sent plaintiffs the letter attached as <u>Exhibit I</u>, claiming that plaintiffs were past due on their mortgage and offering a loan modification that would add the purported tax disbursement to the principal balance of plaintiffs' loan.

28. On July 12, 2011 and July 16, 2011, plaintiffs sent further letters to Ocwen demanding correction of the tax issue. Copies of this correspondence are attached as <u>Exhibits J and K</u>.

29. On July 18, 2011, Ocwen sent plaintiffs a monthly statement (<u>Exhibit L</u>) again requesting a monthly payment including an escrow deposit. The statement also lists a bewildering series of tax credits and disbursements.

30. Plaintiffs continued making the contractually required payments of principal and interest.

31. On August 17, 2011, Ocwen sent plaintiffs a monthly statement (<u>Exhibit M</u>) refusing to credit plaintiffs' monthly payment and instead placing it in a "suspense account."

32. A "suspense account" is an accounting device used by mortgage servicers

when they receive a payment which they claim is less than the amount due.

33. On or about August 23, 2011, Ocwen sent plaintiffs a "past due notice," a copy of which is attached as Exhibit N. This notice did not demand an escrow deposit, but claimed that plaintiffs owed a late charge of $64.99.

34. On or about September 14, 2011, Ocwen sent plaintiffs a monthly statement (Exhibit O) which (a) again demanded escrow deposits, (b) wrongly claimed that plaintiffs' loan was past due, and (c) placed part of plaintiffs' regular monthly payment in a suspense account. The latter was done because Ocwen applied plaintiffs' regular monthly payment to the improper escrow account.

35. On October 14, 2011, Ocwen sent plaintiffs another monthly statement (Exhibit P), which (a) again demanded escrow deposits, (b) wrongly claimed that plaintiffs' loan was past due, and (c) placed part of plaintiffs' regular monthly payments in a suspense account.

36. On October 16, 2011, plaintiffs timely paid the second installment of their real estate taxes, themselves. (Exhibit Q)

37. On October 18, 2011, plaintiffs sent a letter to Ocwen (Exhibit R) which requested cancellation of the escrow account, that all payments be credited to principal and interest in accordance with the parties' agreement, and proof that any amounts were disbursed by Ocwen for taxes. The mailed copy of the letter was received by Ocwen on October 24, 2011.

38. Plaintiffs also obtained a fax number for Ocwen and faxed the same correspondence to it on October 21, 2011 (Exhibit S).

39. On October 20, 2011, plaintiffs generated the sheets attached as Exhibit T by requests made at www.ocwen.com.

40. Nothing in Exhibit T was responsive to any of plaintiffs' correspondence.

41. Plaintiffs also contacted Ocwen by telephone on multiple occasions during this period.

42. On October 24, 2011, Ocwen sent plaintiffs the "past due contact notice"

attached as Exhibit U. This notice does not demand an escrow payment, but does claim that principal, interest, and late charges are due.

43. On November 14, 2011, Ocwen sent plaintiffs a monthly statement (Exhibit V), which (a) again demanded escrow deposits, (b) wrongly claimed that plaintiffs' loan was past due, and (c) placed part of plaintiffs' regular monthly payments in a suspense account.

44. On November 17, 2011, plaintiff Reginald Hill spoke with an Ocwen representative named "Shrini," who said that the escrow account would be closed and the late fees removed.

45. In late November 2011, plaintiffs received a check from Ocwen for $23.01, supposedly representing an escrow overage.

46. On December 3, 2011, Ocwen sent plaintiffs a letter (Exhibit W) threatening to force place property insurance.

47. On December 5, 2011, Ocwen sent plaintiffs a "past due contact notice" (Exhibit X), demanding principal, interest and late charges, but no escrow deposits.

48. On December 15, 2011, Ocwen sent plaintiffs the document attached as Exhibit Y, showing that plaintiffs were still being treated as late and having funds in suspense, i.e., that the problem had not been corrected.

49. Ocwen has never acknowledged plaintiffs' requests or taken corrective action.

50. Furthermore, Ocwen has taken adverse action to plaintiffs without acting on their request, by continuing the escrow account, placing funds in suspense, and assessing late charges.

51. Plaintiffs have been damaged by Ocwen's course of conduct as set forth above, in that they have been aggravated and distressed, in that they have spent time and money attempting to correct Ocwen's errors, without success, and in that their loan has been wrongly reported as past due to credit bureaus, which has reduced their credit scores, and late charges

have been assessed.

52. Ocwen has engaged in a pattern and practice of failing to properly respond to borrower correspondence, as evidenced by, plaintiffs' own letters to Ocwen and among other cases:

    a. In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, 04 C 2714 (N.D.Ill.) (Ocwen Federal Bank is the predecessor to Ocwen Loan Servicing, LLC).

    b. Kesten v. Ocwen Loan Servicing, LLC, 11 C 6981 (N.D.Ill.).

### COUNT I – RESPA

53. Plaintiffs incorporate paragraphs 1-52.

54. This claim is against Ocwen.

55. Exhibits D, J, R, and S are each a "qualified written request" as defined in the Cranston-Gonzales amendment to RESPA, 12 U.S.C. §2605(e).

56. In violation of its obligations under the Cranston-Gonzales amendment, defendant failed to acknowledge the requests or take corrective action.

57. In violation of its obligations under the Cranston-Gonzales amendment, defendant took adverse action relating to the subject of the requests. Defendant also reported plaintiff Reginald Hill as delinquent to one or more credit bureaus within 60 days from his qualified written requests in violation of 12 U.S.C. §2605(e)(3).

58. Plaintiffs are entitled to actual and statutory damages under 12 U.S.C. §2605(f).

WHEREFORE, plaintiffs request that the Court enter judgment in favor of the plaintiffs and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other or further relief as the Court deems proper.

## COUNT II – BREACH OF CONTRACT

59. Plaintiffs incorporate paragraphs 1-52.

60. This claim is against all defendants.

61. Plaintiffs have at all relevant times complied with the terms of their loan agreement. A copy of the note is attached as <u>Exhibit Z</u> and a copy of the mortgage as <u>Exhibit AA.</u>

62. The following actions of Ocwen were inconsistent with the parties' contract:

  a. Charging plaintiffs' account for tax disbursements that were not made, or not made on plaintiffs' property;

  b. Placing timely monthly payments in suspense accounts; and

  c. Assessing late charges on payments that were not late.

63. The owners of the loan are chargeable with Ocwen's actions.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of the plaintiffs and against defendants for:

    (1) Actual damages;

    (2) An order requiring defendant to cancel its "tax disbursement," "escrow account," and late charges ab initio;

    (3) An order requiring defendant to treat plaintiffs' loan as current;

    (4) Costs;

    (5) Such other or further relief as the Court deems proper.

## COUNT III – TILA

64. Plaintiffs incorporate paragraphs 1-52.

65. This claim is against all three defendants.

66. <u>Exhibit E</u> misstates the new payment amount, by including escrow deposits, in violation of 12 C.F.R. §226.20/1026.20.

67. Plaintiffs suffered actual damages as a result, when defendant applied their correct and timely payments to the escrow deposits, imposed late charges and reported them as delinquent to the credit bureaus.

68. Defendant's placement of plaintiffs' timely and proper monthly payments in a suspense account rather than crediting them to plaintiffs' mortgage violated 15 U.S.C. §1639F.

69. Defendants DB Structured Products, Inc. and HSBC Bank USA, N.A. are liable pursuant to 15 U.S.C. §1641 as assignees.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of the plaintiffs and against defendants for:

    (1) Statutory damages of $4,000 under 15 U.S.C. §1640;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other or further relief as the Court deems proper.

### COUNT IV – CONSUMER FRAUD ACT

70. Plaintiffs incorporate paragraphs 1-52.

71. This claim is against Ocwen.

72. Ocwen engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by engaging in the following conduct:

    a. Charging plaintiffs' account for tax disbursements that were not made, or not made on plaintiffs' property;

    b. Misrepresenting that it had disbursed money for taxes on plaintiffs' property;

9

      c. Placing timely monthly payments in suspense accounts;

      d. Assessing late charges on payments that were not late;

      e. Treating plaintiffs' loan as late when it was not late;

      f. Issuing a notice of payment change that misstated the new payment amount, by including escrow deposits;

      g. Pattern of mishandling escrow accounts.

73. Plaintiffs suffered actual damages as a result, when defendant applied their correct and timely payments to the escrow deposits.

74. Defendant Ocwen's conduct was reckless or worse.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of the plaintiffs and against defendant Ocwen for:

      (1) Actual damages;

      (2) Punitive damages;

      (3) An order requiring defendant to cancel its "tax disbursement," "escrow account," and late charges ab initio;

      (4) An order requiring defendant to treat plaintiffs' loan as current;

      (5) Attorney's fees, litigation expenses and costs of suit;

      (6) Such other or further relief as the Court deems proper.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

/s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)